1  MARK B. MIZRAHI (State Bar No. 179384)
   mmizrahi@wrslawyers.com
2  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   11400 West Olympic Boulevard, 9th Floor
3  Los Angeles, California 90064-1582
   Telephone:   (310) 478-4100
4  Facsimile:    (310) 479-1422

5  Attorneys for Plaintiff CAVEMAN FOODS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| CAVEMAN FOODS, LLC, a California limited liability company, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1) TRADEMARK INFRINGEMENT;** |
| FREE SPEECH SYSTEMS, LLC d/b/a INFOWARS, a Texas limited liability company, and DOES 1 THROUGH 10, | **2) FEDERAL UNFAIR COMPETITION;** |
| | **3) COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT; AND** |
| Defendants. | **4) CALIFORNIA STATUTORY UNFAIR COMPETITION.** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff CAVEMAN FOODS, LLC ("Plaintiff" or "Caveman"), for its complaint against Defendants FREE SPEECH SYSTEMS, LLC DBA Infowars and DOES 1-10, respectfully alleges as follows:

/ / /

/ / /

/ / /

# PARTIES

1. Plaintiff CAVEMAN FOODS, LLC is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 3595 Mount Diablo Boulevard, Suite 200, Lafayette, CA 94549.

2. Upon information and belief, defendant FREE SPEECH SYSTEMS, LLC is a limited liability company organized and existing under the laws of the State of Texas, having an address at 3005 S. Lamar Blvd., Suite D109-393, Austin, TX 78704.

3. Plaintiff is informed and believes and thereon alleges that the fictitiously named defendants sued herein as Does 1 through 10, and each of them, are in some manner responsible or legally liable for the actions, events, transactions and circumstances alleged herein.  The true names and capacities of such fictitiously named defendants, whether individual, corporate, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of Court to amend this Complaint to assert the true names and capacities of such fictitiously named defendants when the same have been ascertained.

4. For convenience, each reference to a named defendant herein shall also refer to Does 1 through 10.  All defendants, including both the named defendant and those referred to herein as Does 1 through 10, are sometimes collectively referred to herein as "Defendants."

5. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, were and are the agents, employees, partners, joint-venturers, coconspirators, owners, principals, and employers of the remaining defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, partnership, employment, conspiracy, ownership or joint venture.  Plaintiff is further informed and believes and based thereon alleges that the acts and conduct herein alleged of each such Defendant were known to, authorized by and/or ratified by the other Defendants, and each of them.

# JURISDICTION

6. This action arises under the federal trademark statute (the "Lanham Act"), 15

U.S.C. § 1051 et seq., and under California State law.  This Court has subject matter jurisdiction over the federal trademark and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.  This Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

7. This Court has federal question jurisdiction over the underlying claim pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

8. Plaintiff is informed and believes, and on the basis alleges, that this Court has personal jurisdiction over the Defendants because they have extensive contacts with, and conduct business within, the State of California and this judicial district; Defendants have caused harm in this judicial district; and, Defendants have shipped goods bearing the CAVEMAN trademark into the state of California and this judicial district . Plaintiff is informed and believes that Defendants are subject to specific personal jurisdiction in California and in this judicial district, in part, because Defendants infringed on Plaintiff's caveman-formative trademarks with knowledge of Plaintiff's prior use of the CAVEMAN trademark, knowing that Plaintiff is a California resident, and thereby purposefully directed their activities towards California.

## VENUE

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claims herein occurred in this judicial district; the Defendants have caused their goods bearing the CAVEMAN trademark to be advertised, promoted, and sold in this judicial district; and because the Defendants have caused tortious injury to Plaintiff in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff's Business and Trademark

10. Plaintiff is a well-known producer of healthy foods and dietary and nutritional supplements throughout the United States.  The Plaintiff's health foods and dietary and nutritional supplements are based upon the Paleolithic Diet.  Plaintiff coined

1  the mark CAVEMAN DIET® to identify these products, which are based on a diet
2  consisting of fish, grass-fed pasture raised meats, vegetables, fruit, roots, and nuts, and
3  excludes grains, legumes, dairy products, salt, refined sugar, and processed oils.  Plaintiff's
4  first product, dietary food supplements consisting of fresh, canned, frozen, or dried fruits,
5  nuts, seeds, berries, vegetables and meat products, was marketed as CAVEMAN DIET®
6  brand dietary food supplements, was first introduced in August 2002, and was first sold in
7  interstate commerce under the CAVEMAN DIET® trademark at least as early as August
8  24, 2005.

9       11.    Plaintiff's CAVEMAN DIET® brand dietary food supplements, along with
10 Plaintiff's other CAVEMAN branded products, are well-known and respected brands, both
11 among consumers and retailers within the natural food industry.

12       12.    Plaintiff is the owner of six (6) active U.S. trademark registrations for
13 formatives of CAVEMAN ("Plaintiff's Caveman Registrations") in connection with,
14 among other things, products for healthy living, including health foods and dietary and
15 nutritional supplements.

16       13.    Plaintiff's U.S. trademark registration No. 3,068,863 for the mark
17 CAVEMAN DIET® claims, "dietary food supplements consisting of fresh, canned, frozen,
18 or dried fruits, nuts, seeds, berries, vegetables and meat products" in Class 5. This
19 registration issued March 14, 2006, claims a date of first use in commerce of August 24,
20 2005, and enjoys a priority filing date going back to August 30, 2001.  A true and correct
21 copy of the registration certificate corresponding to this registration is attached hereto as
22 **Exhibit A** and is incorporated herein by this reference.  This registration is valid and
23 subsisting on the Principal Register of the United States Patent and Trademark Office
24 ("USPTO") and entitles Plaintiff to a presumption of ownership and exclusive right to use
25 the mark in connection with its goods described in the registration.  This registration has
26 since been granted incontestable status by the USPTO, under Section 15 of the Lanham
27 Act, 15 U.S.C. § 1065. As a result of Plaintiff's long and exclusive use, Plaintiff's
28 CAVEMAN DIET® trademark has acquired distinctiveness in the minds of relevant

consumers.

14. Plaintiff's U.S. Trademark Registration No. 4,515,492 for the mark CAVEMAN (in design) claims "nutritional supplements energy bars" in Class 5. This registration issued on April 15, 2014, claims a date of first use in commerce of January 31, 2013, and enjoys a priority filing date going back to September 3, 2012. This registration is valid and subsisting on the Principal Register of the USPTO and entitles Plaintiff to a presumption of ownership and exclusive right to use the mark in connection with its goods described in the registration. As a result of Plaintiff's long and exclusive use, Plaintiff's CAVEMAN® (in design) for trademark has acquired distinctiveness in the minds of relevant consumers. A true and correct copy of this registration is attached as **Exhibit B**.

15. Plaintiff's U.S. Trademark Registration No. 4,120,331 for the mark CAVEMAN CRUNCH® claims "dietary and nutritional supplements" in Class 5. This registration issued on April 3, 2012, claims a date of first use in commerce of January 24, 2008, and enjoys a priority filing date going back to August 15, 2010. This registration is valid and subsisting on the Principal Register of the USPTO and entitles Plaintiff to a presumption of ownership and exclusive right to use the mark in connection with its goods described in the registration. As a result of Plaintiff's long and exclusive use, Plaintiff's CAVEMAN CRUNCH® trademark has acquired distinctiveness in the minds of relevant consumers. A true and correct copy of this registration is attached as **Exhibit C**.

16. Plaintiff's U.S. Trademark Registration No. 4,565,451 for the mark CAVEMAN FOODS claims "jerky" in Class 29. This registration issued on July 8, 2014, claims a date of first use in commerce of December 1, 2010, and enjoys a priority filing date going back to March 16, 2011. This registration is valid and subsisting on the Principal Register of the USPTO and entitles Plaintiff to a presumption of ownership and exclusive right to use the mark in connection with its goods described in the registration. As a result of Plaintiff's long and exclusive use, Plaintiff's CAVEMAN FOODS® trademark has acquired distinctiveness in the minds of relevant consumers. A true and correct copy of this registration is attached as **Exhibit D**.

17. Plaintiff's U.S. Registration No. 4,841,590 for the mark CAVEMAN JERKY claims "jerky" in Class 29. This registration issued on October 27, 2015, claims a date of first use in commerce of September 8, 2015, and enjoys a priority filing date going back to May 13, 2011. This registration is valid and subsisting on the Principal Register of the USPTO and entitles Plaintiff to a presumption of ownership and exclusive right to use the mark in connection with its goods described in the registration. As a result of Plaintiff's long and exclusive use, Plaintiff's CAVEMAN JERKY® trademark has acquired distinctiveness in the minds of relevant consumers. A true and correct copy of this registration is attached as **Exhibit E**.

18. Plaintiff's U.S. Registration No. 4,863,604 for the word mark CAVEMAN FOODS claims "Trail mix consisting primarily of nuts, seeds, and dried fruit; nut meats; meat-based snack foods; fruit- and nut-based food bars; dried fruit-based snacks; nut and seed-based snack bars; protein based, nutrient-dense snack foods" in Class 29. This registration issued on December 1, 2015, claims a date of first use in commerce of April 28, 2012, and enjoys a priority filing date going back to March 16, 2011. This registration is valid and subsisting on the Principal Register of the USPTO and entitles Plaintiff to a presumption of ownership and exclusive right to use the mark in connection with its goods described in the registration. As a result of Plaintiff's long and exclusive use, Plaintiff's CAVEMAN FOODS® trademark has acquired distinctiveness in the minds of relevant consumers. A true and correct copy of this registration is attached as **Exhibit F**.

19. Plaintiff is also the owner of four (4) U.S. Trademark Applications for formatives of the mark CAVEMAN (CAVE MAN (in design), Ser. No. 86169099; CAVE MAN (in design), Ser. No. 86169105; CAVE MAN (standard character), Ser. No. 87166881; and CAVEMAN FOODS (standard character), Ser. No. 87087186 in connection with goods relating to dietary and food supplements and various food products for healthy living (collectively, along with Plaintiff's Caveman Registrations, ("Plaintiff's Marks")). True and correct copies of the TESS status pages for these pending United States trademark applications are attached collectively as **Exhibits G-J**.

20. Plaintiff has provided dietary food supplements, since at least as early as August 2005 (even putting aside Plaintiff's priority filing date for its CAVEMAN DIET® registration going back to August 30, 2001), and has spent significant amounts of time and money promoting and advertising formatives of CAVEMAN in connection with these and similar goods.  As a result of the distinctiveness of its CAVEMAN formative marks, and of Plaintiff's long and extensive use and promotion of the aforementioned marks, these marks have become widely known throughout the United States and elsewhere.  Further, Plaintiff's CAVEMAN formative marks have obtained widespread recognition as distinctive designations of the source of origin and sponsorship of Plaintiff's goods.

21. As a result of the significant sales, promotion, and use of formatives of the CAVEMAN brand, Plaintiff's Marks have become widely recognized by the general consuming public of the United States as a designation of source of the goods of Plaintiff. Plaintiff has spent and continues to spend money promoting and advertising its CAVEMAN brand, and the goods provided thereunder.  As a result of such promotion and advertising coupled with the reputation of the high quality of Plaintiff's goods, Plaintiff's Marks have attained goodwill among consumers nationally.  Plaintiff's Marks and the goodwill of the business associated therewith are of inestimable value to Plaintiff.

### Defendants' Business and Trademark

22. Upon information and belief, Defendants are in the business of selling a dietary supplement powder (made in significant part of animal bone broth) under the CAVEMAN trademark (the "Infringing Mark").  The Defendants allege that their CAVEMAN dietary supplement powder is consistent with the principles of the Paleolithic Diet, which consists mainly of fish, grass-fed pasture raised meats, vegetables, fruit, roots, and nuts, and excludes grains, legumes, dairy products, salt, refined sugar, and processed oils.

23. Without Plaintiff's permission or consent, subsequent to Plaintiff's establishment of its rights in Plaintiff's Marks, Defendants adopted and have manufactured, promoted, marketed, offered for sale, and sold in United States interstate

commerce its dietary supplements under the Infringing Mark, in direct competition with Plaintiff.

24. On information and belief, Defendants have adopted and used the Infringing Mark with knowledge of Plaintiff's senior and exclusive rights in its Caveman formative marks, with the intent of benefiting from Plaintiff's reputation and goodwill associated with these marks, with the intent of deceiving and confusing the public into believing that the products Defendants sell are directly sponsored by, connected with, associated with, and/or originate from Plaintiff, and for the purpose of interfering with Plaintiff's conduct of its business and enjoyment of its exclusive rights under its Caveman formative marks/names.

25. Upon information and belief, Defendants advertise and sell their dietary supplements bearing the Infringing Mark on the Internet. A true and correct copy of a screen print of an Internet webpage <www.infowarsstore.com> – a domain and website that, upon information and belief, is owned and controlled by Defendants – is attached hereto as **Exhibit K**.

26. As evidenced by Defendants' marketing, Defendants use the term CAVEMAN as a product identifier and indicator of source.

27. Defendants' aforementioned uses and activities are without Plaintiff's consent and Defendants had actual and/or constructive notice of Plaintiff's superior rights in its Caveman-formative marks.

28. Defendants' use of the Infringing Mark in connection with dietary supplements and promotional activities relating thereto have created, and continue to create, a likelihood of confusion, deception, and mistake as to the source or origin, sponsorship, affiliation, association, or authorization of Defendants' goods vis-à-vis Plaintiff and as to the sponsorship, affiliation, and association between Defendants and Plaintiff.

29. On information and belief, Defendants' aforementioned promotion, offering for sale, and sale of food products under and in connection with their confusingly similar

trademark has caused and is causing actual confusion among customers and the trade vis-a-vis Plaintiff and its Caveman-formative marks and trade name.

30. Defendants' uses and activities constitute false representation, false description or false designation of origin, which has created and continues to create a likelihood of confusion, deception, and mistake as to the source or origin, sponsorship, affiliation or authorization of Defendants' goods.

31. As a direct and proximate result of Defendants' activities as set forth above, Plaintiff has been irreparably harmed and damaged in an amount to be ascertained.  This harm includes, without limitation, injury to Plaintiff's goodwill and reputation embodied in its caveman-formative marks.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

32. Caveman incorporates by reference the allegations of paragraphs 1 through 31 as if fully set forth in this paragraph.

33. Defendants have violated Plaintiff's exclusive rights pursuant to Plaintiff's Trademark Registrations, in violation of 15 U.S.C. § 1114.

34. Defendants' activities, as described herein, constitute infringement of Plaintiff's aforementioned U.S. Registered Trademarks, in violation of 15 U.S.C. § 1114.

35. Defendants' use of the Infringing Mark is likely to result in consumer confusion, and, on information and belief, has resulted in actual confusion, as to the source, sponsorship, ownership or affiliation of the goods identified by trademarks that are the subject of Plaintiff's Trademark Registrations.

36. Defendants' promotion, advertising, distribution, sale, and/or offering for sale of goods under the Infringing Mark is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, affiliation of said products, and is intended, and is likely to cause such parties to believe in error that the Defendants' products have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff.

37. Upon information and belief, Defendants' use of Plaintiff's Marks was done with knowledge of Plaintiff's prior rights and with the intention to trade upon the goodwill and reputation appurtenant to the trademarks that are the subject of Plaintiff's Trademark Registrations.

38. As a result of Defendants' wrongful conduct, Plaintiff has suffered substantial loss, including, but not limited to, damage to its business reputation and goodwill. Plaintiff is entitled to recover damages, which include its losses and all profits Defendants have made as a result of her wrongful conduct, pursuant to 15 U.S.C. § 1117(a).

39. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

40. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Infringing Mark, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## SECOND CLAIM FOR RELIEF

**(Trademark Infringement, False Designation of Origin, False Description, and False Representation Under 15 U.S.C. § 1125(a))**

41. Caveman incorporates by reference the allegations of paragraphs 1 through 31 and 35 through 40 as if fully set forth in this paragraph.

42. The conduct complained of herein constitutes federal unfair competition, false designation of origin, and common law trademark infringement in violation of 15 U.S.C. § 1125(a).

43. Defendants' promotion, advertising, distribution, sale, and/or offering for sale of goods under the Infringing Mark is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, affiliation of said

products, and is intended, and is likely to cause such parties to believe in error that the Defendants' products have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff.

### THIRD CLAIM FOR RELIEF

**(Common Law Trademark and Trade Name Infringement)**

44. Plaintiff incorporates by reference in this claim for relief the averments contained in paragraphs 1 through 40 and 43 above.

45. Defendants have violated Plaintiff's exclusive common law rights in its Caveman-formative marks.

46. Plaintiff has continuously used its marks Caveman-formative marks to identify its goods in California and elsewhere, and to distinguish them from goods of a different origin. As such, Plaintiff has common law rights to the Caveman-formative marks.

47. Defendants' acts described above constitute trademark infringement and trade name infringement under the common laws of the United States, including California.

48. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm to its valuable Caveman-formative trademarks and its business reputation in the industry. Unless Defendants are restrained from further infringement of the Caveman-formative trademarks, Plaintiff will continue to be irreparably harmed.

49. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

50. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages to the valuable Caveman-formative trademarks and trade names and other damages in an amount to be proved at trial.

### FOURTH CLAIM FOR RELIEF

**(California Statutory Unfair Competition)**

51. Caveman incorporates by reference the allegations of paragraphs 1 through

1  40 and 43 as if fully set forth in this paragraph.

2      52.    The conduct complained herein constitutes unfair competition within the
3  meaning of California Business and Professions Code § 17200 *et seq*. and, as a result,
4  Plaintiff has suffered and will continue to suffer damage to its business, reputation, and
5  goodwill.

6      53.    Defendants' acts, as alleged herein, have impaired Plaintiff's goodwill, have
7  created a likelihood of confusion, and have otherwise adversely affected Plaintiff's
8  business and reputation. By reason of the foregoing, Defendants have been, and are,
9  engaged in "unlawful, unfair or fraudulent business act or practice" and/or "unfair,
10 deceptive, untrue or misleading advertising" in violation of California Business and
11 Professional Code Section 17200 *et seq*. and the common law.

12     54.    Defendants should be enjoined from engaging in their acts of unfair
13 competition.

14     55.    Defendants should therefore be required to disgorge all profits and unjust
15 gains obtained through their acts of unfair competition.

16     56.    Plaintiff is also entitled to costs and attorney's fees.

## PRAYER FOR RELIEF

18 **WHEREFORE,** Plaintiff Caveman prays for the following relief:

19     A.    That this Court adjudge that Defendants, by their unauthorized use of
20 Caveman-formative marks in connection with their "dietary supplements" sold under the
21 designation "CAVEMAN" and such other acts as they may have undertaken relating to the
22 Caveman-formative marks, have violated Plaintiff's rights under 15 U.S.C. §§ 1114 and
23 1125(a), under California state law, and under common law;

24     B.    That Plaintiff be granted temporary, preliminary, and permanent injunctive
25 relief under 15 U.S.C. § 1051 et seq.; California Business and Professions Code §§ 17200
26 and 17500 *et seq.*; and federal law and California common law of trademark infringement;
27 specifically, that Defendants and all of their respective officers, agents, servants,
28 representatives, employees, attorneys, and all other persons acting in concert with them be

enjoined from:

    1. using any formatives of the CAVEMAN mark, or any mark confusingly similar to the Plaintiff's family of CAVEMAN marks, in connection with the marketing, promotion, advertising, sale, or distribution of any food products or dietary or nutritional supplements;

    2. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the CAVEMAN mark, or any mark confusingly similar thereto;

    3. engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including, without limitation, the use of designations and formatives of the CAVEMAN designation;

    4. committing any other act which falsely represents or which has the effect of falsely representing that the goods and/or services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with the Plaintiff;

    5. making, contributing to the making, or inducing others to make any use of a name, mark, URL, domain name, or computer code which comprises or includes the word "caveman" or any reproduction, copy, counterfeit or colorable imitation thereof or any term confusingly similar thereto, especially any such use on or in connection with any food products or dietary or nutritional supplements, sold, offered for sale, distributed, or imported into the United States or otherwise advertised, marketed or promoted;

    6. maintaining, operating, or using (whether directly or indirectly) or inducing others (including, without limitation Affiliates) to maintain, operate, or use any web-page, home page, web site, website content (including, without limitation, that which appears on "hidden pages"), any code whatsoever (including but not limited to metatags, HTML, XTML, any computer code, domain names, URLs, sub pages, extensions, links, or any division or portion thereof, signs, banner ads, or any other visual media used in connection with the Defendants' businesses) that contains one or more of Plaintiff's

1 Caveman-formative trademarks or trade names, or any reproduction, copy, counterfeit or
2 colorable imitation thereof or any terms confusingly similar thereto, including, without
3 limitation, CAVEMAN (as used herein, the terms "Affiliates" means third-party owned
4 websites/domain names that link to one or more websites owned, hosted, and/or operated
5 by one of more of the Defendants);

6       7. including or maintaining any content, including links, on any and all
7 websites which they own, control, operate, have an association or affiliation with or on
8 which it/they otherwise advertise that causes or tends to cause an Internet search engine to
9 list or report a website - not selling goods that originate from or are otherwise authorized
10 by Plaintiff - based on a search query that includes one of Plaintiff's trademarks, including,
11 without limitation Plaintiff's Caveman-formative trademarks, or any reproduction, copy,
12 counterfeit or colorable imitation thereof or any terms confusingly similar thereto;

13     C. That this Court order Defendants to provide Plaintiff with an identification in
14 writing of any and all entities that are presently using the CAVEMAN mark in the United
15 States on one or more of the Defendants' behalves and inform them that they must
16 immediately cease such use;

17     D. That this Court order Defendants to deliver up to Plaintiff for destruction any
18 and all packages, articles, advertisements, publications, stationery, business cards, or any
19 other materials they may possess or control on which Caveman-formative marks, or any
20 confusingly similar marks, including, without limitation, CAVEMAN, are used;

21     E. That this Court order the Defendants to recall from any distributors and
22 retailers and to destroy or dispose of all remaining inventory of all infringing products,
23 including all advertisements, promotional and marketing materials, as well as the means of
24 making the same;

25     F. That this Court adjudge that Defendants are liable to Plaintiff for all profits
26 Defendants have derived from selling any products identified with the CAVEMAN mark
27 in the United States, or a colorable imitation thereof;

28     G. That this Court adjudge that Plaintiff has superior rights to exclusive use in

2879214.1
-14-
COMPLAINT

Plaintiff's Caveman-formative marks in connection with food products or dietary or nutritional supplements vis-à-vis Defendants;

H. That this Court order that Defendants shall not in the future file or maintain an application for registration or registration of any mark that includes the word CAVEMAN (or any other mark used or registered by Plaintiff) or any mark(s) confusingly similar thereto with the United States Patent and Trademark Office or any other governmental or state authority;

I. That this Court order that Defendants provide Plaintiff in writing with the following information relating to Defendants' goods marketed, advertised, offered for sale, or sold under bearing the term "CAVEMAN":

    (i) the name, address and telephone number of each and every United States entity to whom Defendants have made available or otherwise provided any such products;

    (ii) a full accounting as to the precise dollar amount of such products made available or provided and the profits recognized by Defendants in connection with such actions.

J. That this Court adjudge that Defendants shall be liable to Plaintiff for all profits Defendants have derived from selling any products identified with the CAVEMAN mark in the United States, or a colorable imitation thereof;

K. That this Court adjudge that Plaintiff shall be entitled to recover compensatory damages according to proof;

L. That this Court adjudge that Plaintiff be awarded its actual damages and, if applicable, trebling of those damages, under 15 U.S.C. § 1117;

M. That this Court adjudge that Plaintiff be awarded the costs of corrective advertising;

N. That this Court adjudge that Plaintiff be awarded its attorney's fees and costs; and

O. Such other and further relief as available and as the Court shall deem just,

fair and proper.

DATED: November 13, 2017

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP


By:     /s/ Mark B. Mizrahi
    MARK B. MIZRAHI
Attorneys for Plaintiff CAVEMAN FOODS, LLC

## DEMAND FOR JURY TRIAL

Plaintiff CAVEMAN FOODS, LLC hereby requests a jury trial on all claims and defenses so triable.

DATED: November 13, 2017        WOLF, RIFKIN, SHAPIRO,
                                SCHULMAN & RABKIN, LLP


                                By:      /s/ Mark B. Mizrahi
                                         MARK B. MIZRAHI
                                Attorneys for Plaintiff CAVEMAN FOODS, LLC